OPINION OF THE COURT
Sheri S. Roman, J.
Both defendants were arrested as they sat in a fast food restaurant with a loaded shotgun partially visible in a cloth bag at their feet. They were charged with violating Penal Law § 265.02 (4), a class D felony of criminal possession of a weapon in the third degree; a loaded firearm. The defendants were each 16 years old at the time of their arrest and this *275 arrest appears to be the first criminal involvement of either defendant.
After the presentation of the case to a Grand Jury, a direction to file a prosecutor’s information (CPL 190.70) was voted. The defendants were charged with a violation of Administrative Code of the City of New York § 10-304 (a), possession of an unregistered shotgun.
During plea negotiations an issue arose as to the classification of the offense charged. The People sought a plea to the charge as an unclassified misdemeanor. The defense, however, contended that section 10-304 was merely a violation in this instance, pursuant to Administrative Code § 10-310, which reads as follows: "Violation. Except as otherwise provided in section 10-302 of this chapter, violation of sections 10-301 through 10-309 shall be a misdemeanor punishable by a fine of not more than five hundred dollars or imprisonment of not more than one year or both, provided that the first violation of such sections involving possession of an unregistered rifle or shotgun shall be an offense punishable by a fine of not more than three hundred dollars or imprisonment of not more than fifteen days, or both on condition that (a) the first violation of possession of an unregistered rifle or shotgun is not in conjunction with the commission of a crime or (b) the possessor has not been previously convicted of a felony or a serious offense or (c) the possessor has not previously applied for and been denied a permit for such possession.”
In order to reach a determination this court reviewed pertinent sections of the Report of the Committee on Governmental Operations (Counsel Int No. 687-A; Local Laws, 1984, No. 5 of City of New York § 17), and the minutes of the public hearing, held at City Hall on February 2, 1984. It appears that the changes enacted on February 2, 1984, retroactive to September 1, 1983, were a comprehensive effort designed to disband the Firearms Control Board and to place its function and powers within the authority and control of the New York City Police Department.
The information relied upon by the Committee concerning section 17 (enacted as Administrative Code § 436-6.14 and recodified as Administrative Code § 10-310) reflects the following reports by the New York City Police Department: (1) the penalties assessed for violation of the registration requirement for shotguns and rifles were reported as fines in the range of $25 to $50, and (2) unregistered rifles and shotguns are used in a small percentage of crimes.
*276 The Committee determined that if an offense was punishable by imposition of such a small fine, it should not result in a criminal conviction. The City Counsel Committee specifically chose to reduce a first violation of the registration requirement from a misdemeanor to a violation. However, unless the following conditions were met, an unclassified misdemeanor would result.
(a) If the weapon had been used in the commission of a crime; or
(b) if the possessor had been previously convicted of a serious offense or a felony; or
(c) if the possessor had applied for, but been denied, a permit for such possession. (See, Administrative Code § 10-310.)
In the minutes of the February 2, 1984 public hearing, Councilman Peter Vallone said that the reduction from a misdemeanor to a violation would protect those who possess rifles for legal purposes and who do not. use them in the commission of a crime, such as hunters traveling through New York City. (Note, the legislation does not impose as a further condition of Administrative Code § 10-310 that the possessor of such unregistered weapon have a valid hunting license or that the weapon be unloaded at the time of arrest.)
These defendants have become the unintended beneficiaries of this reduction in classification.
The Office of the District Attorney had other options available to consider: they could have chosen to proceed under Penal Law § 265.01 (2), possession of a weapon with intent to use unlawfully, as a class A misdemeanor. Also, possession of a loaded shotgun within the city limits, under Administrative Code § 10-131 (h), in the "Public Safety” chapter of title 10 (ch 1), would clearly be an unclassified misdemeanor charge not subject to any conditions requiring reduction. That subdivision reads as follows: "Rifles and shotguns; carrying or possessing. 1. It shall be unlawful for any person to carry or possess a loaded rifle or shotgun in public within the city limits. Any person who shall violate this subdivision shall be guilty of a misdemeanor punishable by a fine of not more than one thousand dollars ($1,000), or imprisonment not exceeding one (1) year, or by both such fine and imprisonment.”
This court’s determination of the classification of the instant offense is compelled by both Penal Law § 55.10 (3) and the *277 express intent of the legislative body in adding subdivisions (a) through (c) of Administrative Code § 10-310.
Thus, a plea to the instant charge would be a plea to a violation (Penal Law § 10.00 [3]), not a plea to a crime (Penal Law § 10.00 [6]).
Accordingly, the defendants’ motions for court orders determining the classification of this offense is granted. The court holds that these defendants have been charged with a violation and not a crime.